Dana **FLYNN, Shirley Dreiling, Mikel Dreiling, Jerry Rollins, Plaintiffs,**

v.

**PSYTEP CORPORATION, a Texas Corporation, Paul Caldwell, individually, and Tamatha Knight, individually, Defendants.**

No. 96–1430–JTM.

United States District Court,
D. Kansas.

Nov. 24, 1997.

Brenton G. Lonker, Shultz & Lonker, Chartered, Wichita, KS, for Plaintiffs.

Mark L. Bennett, Jr., Bennett & Dillon, L.L.P., Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

Dana Flynn, Shirley Dreiling, Mikel Dreiling, and Jerry Rollins sued Psytep Corporation, Paul Caldwell, CEO of Psytep, and Tamatha Knight, an agent for Psytep, for damages arising out of evidence which Psytep allegedly furnished to the Kansas Bureau of Investigation. Plaintiffs seek to dismiss the case without prejudice, or in the alternative, an extension of discovery deadlines. Defendants oppose dismissal. The defendants do not oppose the extension of time the plaintiffs requested, but have asked for a scheduling conference to address other scheduling concerns.

This action was filed on November 27, 1996. The plaintiffs claim the defendants fraudulently represented the evidence as satellite images of a murder scene taken the day of the murder when in fact the images were aerial photographs taken more than a year before the murder. The plaintiffs claim the images were a major portion of the evidence relied upon by a grand jury in indicting the plaintiffs on first degree murder and other related charges.

The plaintiffs filed a motion for an extension of time to serve process on March 26, 1997. The court granted the motion, giving the plaintiffs until April 28, 1997 to serve the defendants. Process was served on March 25, 1997. Counsel for the defendants entered an appearance on April 9, 1997. The defendants answered on April 22, 1997.

The parties' report of the planning meeting indicates that the defendants anticipated some of the plaintiffs might assert the fifth amendment during pretrial discovery.

On June 6, 1997, the court entered a scheduling order directing that interrogatory responses are due 45 days after service. The order set a discovery cutoff of March 6, 1998.

The defendants served interrogatories on the plaintiffs on July 31, 1997. On September 12, 1997, the plaintiffs filed a motion to dismiss without prejudice and sought an extension of time to respond to the defendants' interrogatories until November 1, 1997. The court granted the motion for an extension of time. The defendants filed a brief in opposition to the motion to dismiss.

The plaintiffs seek to dismiss this action because two of the plaintiffs face on–going criminal proceedings in Geary County, Kansas. The plaintiffs indicate that discovery will go smoother if the criminal cases are resolved first. No depositions have been conducted in this case and the plaintiffs have not served discovery on the defendants, according to the court file. Both parties apparently filed initial disclosures pursuant to Rule 26, although the plaintiffs did not file a notice of such disclosure with the court.

Defendants oppose the motion to dismiss. They argue (1) they have conducted a large amount of discovery; (2) plaintiffs' stated reason does not justify delaying resolution of this claim on the merits; and (3) dismissal will serve no purpose as the plaintiffs will have to refile within 6 months to avoid the statute of limitations. If the court grants the motion to dismiss, the defendants ask that dismissal without prejudice be conditioned on the plaintiffs paying the defendants' costs and attorney fees in this action and in a related action filed by Union Standard Insurance Company in Nueces County, Texas, District Court.

Rule 41(a)(2) governs when a court may grant a dismissal without prejudice sought by the plaintiffs after the defendants have answered. It provides in part as follows:

(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

The Tenth Circuit has addressed the appropriate standard to be applied to voluntary

dismissals under Rule 41(a)(2) after the opposing party has filed an answer:

> Dismissal under Rule 42(a)(2) is within the sound discretion of the court. In exercising that discretion, the purposes of Rule 42(a)(2) must be taken into account. That rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions. When considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.
>
> . . .
>
> The factors the district court should consider in determining the legal prejudice the opposing party will suffer if a motion to dismiss without prejudice is granted include the opposing party's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the movant in prosecuting the action, and insufficient explanation for the need to take a dismissal.

*Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir.1993) (citations and quotations omitted).

In *Clark,* the district court denied a habeas petitioner's motion to dismiss under Rule 42(a)(2). The Tenth Circuit reversed, holding it was an abuse of discretion under the circumstances to deny a motion to dismiss based on the time and effort devoted to the case by the court and prejudice to the defendant. *Clark* held it was an abuse of discretion to rely upon the court's efforts as a factor in deciding whether to grant a motion to dismiss under Rule 42(a)(2). *Id. Clark* then evaluated and rejected the district court's determination that prejudice to the opposing party justified denial of the motion.

*Clark* held that a short answer and a short motion to dismiss with prejudice was insufficient to show that the opposing party's effort justified denying the plaintiff's motion to dismiss without prejudice. Here, the defendants filed a three and one-half page answer. The answer consists of denials of the plaintiffs' claims and boilerplate affirmative defenses. As in *Clark,* the pleadings show "an extremely limited amount of work involved in this matter" prior to the motion to dismiss. *Id.* at 1412.

*Clark* suggests that extensive discovery can serve as the basis for denying a motion to dismiss under Rule 42(a)(2). Here, the defendants claim to have spent an extensive amount of time indexing initial discovery disclosures from the plaintiffs. Defendants indicate that they spent $1,986.72 obtaining this discovery. Defendants also claim to have spent time preparing four different sets of interrogatories which were served on plaintiffs.

The defendants do not provide specific information on the discovery conducted. The court does not find that the amount of discovery conducted justifies denying the motion to dismiss.

The defendants next claim that the fact that two of the plaintiffs face on-going criminal proceedings does not justify a delay in resolving this case on the merits. The defendants provide no support for their assertion that it may be more than two years before the pending criminal cases are resolved. At best, the plaintiffs will have an additional six months to bring any claims on which the statute of limitations has already run. Furthermore, on-going criminal proceedings can indeed complicate the discovery process, and may in fact lead to this case being resolved on grounds other than the merits. In view of the limited prejudice suffered by the defendants, the plaintiffs' request for dismissal is reasonable.

With respect to the defendants' claim that the case must be refiled within 6 months anyway, this is not necessarily true unless the statute of limitations has expired on all of the plaintiffs' claims. To the extent that it is true, the purpose of the savings statute is to allow the refiling of claims which were not resolved on the merits. *See* K.S.A. 60–518.

IT IS ACCORDINGLY ORDERED this 21st day of November, 1997, that plaintiffs' motion to dismiss this case without prejudice (Dkt. No. 18) is granted, conditioned on the plaintiffs' payment of the defendants' costs in defending this action. The defendants' request that the plaintiffs also be required to pay attorney fees in this action, as well as

costs and attorney fees in the Nueces County, Texas case, is denied. The pending motion to extend discovery deadlines (Dkt. No. 21) is denied as moot. Finally, as to the parties to this action, all discovery conducted in this case shall be fully applicable in any action plaintiffs subsequently file in any court against all or any combination of these defendants.